865

JAMES J. CRISONA, Plaintiff, *v.* EBERHARD VOLK et al., Defendants.

City Court of New York, Special Term, Queens County, October 18, 1943.

*James J. Crisona* for plaintiff.

*Clarence K. McGuire* for Eberhard Volk, defendant.

TOWERS, J. This case appeared on the calendar of this court for trial and at that time an application was made for an adjournment based upon an order to show cause, which did not

contain a stay, signed by Mr. Surrogate DELEHANTY of New York County, for an order transferring the trial of the issues to the Surrogate's Court of that county. The signing of such an order at least indicates there is a possibility the trial should and may be transferred. Out of respect for such order to show cause, even without a stay, this court then marked the case ready and passed it for the day with the understanding between this court and counsel for both sides that it would be so marked and passed each day on the call of the calendar until there was a determination of the application for a transfer brought on by said order to show cause. It has been and now is so marked and carried on the calendar of this court. This disposition was made so that if for reasons not then apparent to this court the Surrogate's Court declined to order a transfer then the trial of the case in this court need not be delayed.

This court has no authority to divest itself of jurisdiction once acquired. Such authority, however, is vested in the Surrogate's Court in cases affecting the administration of estates. (Surrogate's Ct. Act, § 40, subd. 9.) The only question that can arise with respect to an action pending in this court on an application to transfer is as to whether or not the action is one "in which the representative of an estate is a party or the trial and determination of which is necessary or appropriate to the completion of the administration of an estate pending in such Surrogate's Court." Mr. Surrogate DELEHANTY has rendered his decision on the application to transfer the trial (*Matter of Volk,* Surrogate's Court, New York County, N. Y. L. J. Oct. 15, 1943, p. 943), in which he has found, among other things, in substance, that the trial and determination of the issues in the action now pending in this court are necessary or appropriate to the completion of the administration of the estate of William Volk, deceased, now pending in the Surrogate's Court, New York County. The action pending in this court is against the trustees under the will of said William Volk, deceased, and is to recover for services alleged to have been rendered in connection with some phase of the administration of that estate. The fact that the action is against the trustees individually is not important. The issues involved must be determined before a decree of the Surrogate's Court can properly be made settling the account of the trustees. A compulsory accounting proceeding is now pending in the Surrogate's Court of New York County in which the claim set forth in the complaint in the action pending in this court is an item which must be passed upon. Under such circumstances the trial should be transferred

to the Surrogate's Court of New York County. Mr. Surrogate DELEHANTY so argues in his decision (*Matter of Volk,* Surrogate's Court, New York County, N. Y. L. J. Oct. 15, 1943, p. 943, *supra*) but has denied the application for a transfer out of a very gracious deference and respect for the City Court, which is deeply appreciated and reciprocated, and has granted leave to renew the application with the intimation that it will be granted if the City Court indicates its consent. It appears likely from the decision (*supra*) that if the learned Surrogate had been advised that the trial in this court had been and was being adjourned from day to day pending his decision the disposition would have been different and the application granted at once.

It is with considerable diffidence under the circumstances that I express an opinion as to the force and effect of subdivision 9 of section 40 of the Surrogate's Court Act. However, I do venture to say that it seems to me that the Surrogate's Court is specifically vested with absolute power to determine whether any action pending in the City Court involves issues the determination of which is necessary or appropriate to the completion of the administration of an estate pending in such Surrogate's Court, and, when a finding of fact justifies it, to order the transfer of the trial of such issues to such Surrogate's Court, and that the City Court has no power to perform either of those two functions. The section of the Surrogate's Court Act in question harmonizes with the unlimited jurisdiction of the Supreme Court and consequent concurrent jurisdiction of that court with the Surrogate's Court in matters affecting the administration of estates and therefore provides that actions pending in the Supreme Court may be transferred to the Surrogate's Court for trial only on consent of the Supreme Court, but no such consent is required in order to transfer the trial of issues from any other court to the Surrogate's Court. The jurisdiction of the Surrogate's Court in matters affecting decedents' estates is there recognized as being superior to that of all courts except the Supreme Court.

In view of those provisions, and the settled policy of the Supreme Court to concentrate in the Surrogate's Court the determination of all matters affecting the administration of decedents' estates, I am of the view that the Surrogate's Court not merely has the absolute power to transfer to itself any action pending in the City Court affecting the administration of an estate, but the duty to do so as well, and that it can and should exercise such power regardless of the consent, formal or other-

wise, of the City Court. I am also of the opinion that the City Court should be stayed, if need be, until the question of a transfer is determined.

I express these views merely to demonstrate the complete acquiescence of this court in the proposed transfer, and in grateful appreciation of the gracious courtesy extended by the learned Surrogate of New York County. They are not intended as a determination of any question involved which I think rests entirely with the Surrogate's Court, subject only to review on appeal.

An order of the Surrogate's Court transferring the trial to that court will, of course, terminate the further jurisdiction of this court. In the meantime the case will be carried on the calendar of this court and marked ready and passed each day in accordance with the understanding heretofore had with counsel.